UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


ANTHONY NASSEFF, JR.,                          CIVIL NO. 14-CV-4705 (JNE/JSM)

      Plaintiff,

v.                                             REPORT AND RECOMMENDATION

NATALIE LESEMAN; TAMMY
WHERLEY; DAVID REISHUS;
STEVEN AYERS; and KEVIN
MONIO, each defendant in their
Individual capacity,

      Defendants.


JANIE S. MAYERON, United States Magistrate Judge

      Plaintiff Anthony Nasseff, Jr., a state prison inmate, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983.  Nasseff did not pay a filing fee, but instead filed an application for leave to proceed *in forma pauperis* ("IFP") [Docket No. 2].  In an order dated November 18, 2014, this Court declined to grant Nasseff's IFP application, as his original complaint failed to state a claim on which relief could be granted.  *See* Order [Docket No. 6].  Nasseff has since filed an amended complaint, and thus his IFP application is once again before this Court for review.

      An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale*

1

*Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).   Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   The complaint must "state a claim to relief that is plausible on its face."  *Id*. at 570.   In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The events at issue in this case remain somewhat unclear, despite Nasseff having filed an amended complaint.  That said, it appears that Nasseff attempted to mail a letter from prison that was later sent back to the prison as non-deliverable.  *See Am. Compl.* at 4 [Docket No. 7].   An unnamed prison official failed to return this letter to Nasseff.  *Id.*  When Nasseff requested the return of the letter through the prison's grievance procedure, he was told by defendant Kevin Monio that "once property goes out of the institution, it is not allowed back in."  *Id.*  Nasseff continued to file grievances, but each of those grievances was denied.  *Id*. at 4-5.

Although Nasseff does not articulate the theory under which he is bringing claims pursuant to § 1983, this Court construes Nasseff's amended complaint as alleging that he was deprived of property by prison officials without due process.  This claim, however, must fail for at least two reasons.  First, to state a viable claim under § 1983, a plaintiff must plead that the defendant's *own individual actions* violated the Constitution or federal law.  *See, e.g.*, *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012). There are no substantive allegations whatsoever in the amended complaint with respect to three of the five defendants named in this action (defendants Natalie Leseman, David

Reishus, and Steven Ayers).  Thus, it is impossible to see how those defendants could be liable under § 1983 or, for that matter, under any other theory of liability.  And as to defendants Tammy Wherley and Kevin Monio, the amended complaint alleges only that these individuals were involved in the administrative review procedure through which Nasseff grieved the loss of mail.  There is no allegation that Wherley or Monio were *themselves* responsible for the alleged deprivation of property.  In the absence of specific allegations with respect to a particular defendant, any claims brought under § 1983 against that defendant must fail.  And because the amended complaint lacks specific allegations as to how *any* of the defendants deprived Nasseff of property, the § 1983 claims against *each* of the defendants must therefore fail.

Second, even assuming that Nasseff had a constitutionally protected property interest in his mail, a deprivation of that interest is not a due process violation, and therefore is not actionable under § 1983, where an adequate post-deprivation remedy exists.  *See Thornton v. Evans*, 467 Fed. App'x 533, 533 (8th Cir. 2012) (per curiam) (citing *Zar v. S.D. Bd. of Exam'rs of Psychologists*, 976 F.2d 459, 465 (8th Cir. 1992)); *Hubenthal v. Winona Cnty.*, 751 F.2d 243, 246 (8th Cir. 1984) ("[E]ven an unauthorized intentional deprivation of property by a state official does not violate due process requirements if a meaningful post-deprivation remedy is available.").  The amended complaint and the exhibits attached to that complaint confirm that the Minnesota Department of Corrections has a post-deprivation procedure in place for claims of the kind brought by Nasseff.[1]  *Cf. Simpson v. Hvass*, 36 Fed. App'x 221, 222 (8th Cir. 2002) (per curiam) ("[T]he Minnesota Department of Corrections has a policy regarding

---

[1]      Indeed, Nasseff appears to view this lawsuit as an appeal of that administrative proceeding.  *See* Docket No. 5.

3

inmates' claims for lost or damaged property." (citation omitted)).   Nasseff undoubtedly disagrees with the result of that proceeding, in which it was determined that he was not entitled to a return of the mail he sent from prison.   But Nasseff's frustration with the administrative procedure does not, by itself, mean that the procedure was inadequate. Moreover, the Court cannot conclude from the allegations in the amended complaint that the post-deprivation procedure was inadequate in any other way.

Because Nasseff has not pleaded a viable claim for relief, this case must be summarily dismissed, and his IFP application must be denied.   See 28 U.S.C. § 1915(e)(2)(B)(ii).   Notwithstanding the dismissal of this action, Nasseff remains liable for the full amount of the statutory filing fee pursuant to 28 U.S.C. § 1915(b)(2).[2]

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY RECOMMENDED THAT:

1.    This action be SUMMARILY DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2]    Under the Prison Litigation Reform Act ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."   In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").  Nothing in the PLRA suggests that the dismissal of a prisoner's action extinguishes the ultimate obligation to pay the filing fee.  *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action . . . .").

2.      The application to proceed *in forma pauperis* of plaintiff Anthony Nasseff,

Jr. [Docket No. 2] be DENIED.

Dated:      December 19, 2014

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 2, 2015**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Eighth Circuit Court of Appeals.